## Charlie Grant v. The State.

### No. 3756. Decided October 27, 1915.

**1.—Carrying Pistol—Continuance—Want of Diligence—Surprise.**

Where, upon trial of unlawfully carrying a pistol, there was a want of diligence in defendant's motion for continuance, on account of surprise, and the absent testimony was not material to change the result of the trial, there was no reversible error; besides, the motion for new trial was not supported by affidavit as to the absent testimony.

**2.—Same—Sufficiency of the Evidence—Conflict.**

Where, upon trial of unlawfully carrying a pistol, the evidence, although conflicting, sustained the conviction, there was no reversible error.

Appeal from the County Court of Van Zandt. Tried below before the Hon. R. M. Lively.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*L. Davidson,* for appellant.—On question of surprise and motion for continuance: Roach v. State, 21 Texas Crim. App., 249; Eldredge v. State, 12 id., 228.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of unlawfully carrying a pistol, his punishment being assessed at a fine of $100.

The facts are in conflict. The State made out a case showing that appellant on two different occasions had a pistol under circumstances

which would not justify him in carrying it—once at a card game, and the other time at a different place subsequent to the time of having it at the card game. After announcement for trial appellant filed what we suppose was intended to operate as an application for a continuance. In this, he says he was not aware of the fact that the State would produce evidence that he had the pistol at the time of the card playing, and that he could prove by certain named witnesses whom he alleges were present at the time and place of the card game who would testify he did not at that place have a pistol. The court qualifies this bill by stating that the case had been pending for six months, and that appellant had not employed counsel until the day of the trial, and no effort had been made to obtain any evidence, and no process issued for witnesses. This would show a want of diligence in the preparation of his case for trial. He might have ascertained very readily that the State's witnesses would testify he had a pistol at the card game, but if, as a matter of fact, he did not have the pistol at the card game, he should have investigated the matter to ascertain what the State's case would be, or upon what testimony the State would rely. But if his witnesses would so swear, the other incident remains that he had the pistol at the house of Fred Henderson, where the State's witness Sandy Carmichal resided. He was the main State witness, especially as to the card game. There is other testimony supporting Carmichal as to the incident at Henderson's residence. If the witnesses would testify as he indicated in his application, with reference to the card game, the other incident still remained. He denies having the pistol on both occasions, but his application for postponement on account of surprise does not include the incident at the Henderson house. There is another weakness in this record with reference to this particular matter, towit: that none of these witnesses were produced on the motion for new trial, or rather no testimony from any of them with reference to the card game was offered as to whether they were there or whether the pistol was exhibited at that particular time and place. So from any viewpoint, we do not think there is any particular merit in this application, and no error in the action of the court refusing the motion for new trial.

The other bill of exceptions was reserved to the insufficiency of the testimony. Where there is a direct conflict in the testimony, and this has been decided adversely to the accused, this court would not be authorized ordinarily to reverse the judgment. Appellant testified one way and the State's witness the other, making a direct conflict in regard to the fact of having the pistol at both places. There was no election asked as to which transaction the State would rely upon, and the case went before the court with testimony in regard to both transactions and without objection. So from any viewpoint we think this judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*